

TTAB

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

12-02-2002

U.S. Patent & TMOfc/TM Mail Rcpt Dt. #77

CAREFIRST OF MARYLAND, INC., )
d/b/a CAREFIRST BLUE CROSS )
BLUE SHIELD, )
)
    OPPOSER, )
)
    v. )    OPPOSITION NO. 91/124,847
)
FIRSTHEALTH OF )    [Appln. Serial No. 76/222,230]
    THE CAROLINAS, INC., )
)
    APPLICANT. )
)
)

## OPPOSER'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF ORDER DATED SEPTEMBER 23, 2002

In its response to Opposer's Motion for Reconsideration, Applicant mischaracterizes Opposer's position regarding Applicant's Motion to Stay Discovery filed on August 26, 2002. Opposer does not oppose the suspension of the proceeding. Instead, its opposes Applicant's attempt to shirk its discovery obligations by filing a Motion to Stay Discovery rather than serving responses to Opposer's timely served discovery requests. Therefore, Opposer has not contradicted itself as Applicant suggests. Opposer reiterates its request that the Board reconsider Applicant's Motion to Stay and Opposer's memorandum in opposition thereto.

In light of the discovery Opposer obtained in Opposition No. 116,355, Opposer changed its position regarding the similarity of Applicant's marks involved in that opposition and in the instant one. The Board will decide whether or not there is a difference between "FIRSTCAROLINA CARE," a composite mark with the term "CARE" disclaimed, and "FIRSTCAROLINACARE," a unitary mark.

Finally, the case law regarding dilution claims does not state that the opposer must provide an exact date on which its mark became famous. This is why the concept of *notice* pleading exists. Therefore, Opposer's dilution claim is legally sufficient in that it does allege that its mark became famous prior to Applicant's first use of its mark "FIRSTCAROLINACARE." Opposer requests that the Board reconsider its decision on Opposer's Motion for Leave to Amend its Notice of Opposition and allow its amended notice of opposition.

In conclusion, Opposer respectfully requests that the Board (1) consider its Memorandum in Opposition to Applicant's Motion to Stay, (2) acknowledge that the mark in U.S. Application Serial No. 75/455,343 is "FIRSTCAROLINA CARE," a composite mark, and that there is an issue as to whether the services in U.S. Application Serial No. 75/455,343 and 76/22,230 are different or the same, and (3) accept Opposer's Amended Notice of Opposition.

Respectfully submitted,

STEVENS, DAVIS, MILLER & MOSHER, LLP

Barth X. deRosa
Ruth Mae Finch
Counsel for Opposer
1615 L Street, N.W., Suite 850
Washington, D.C. 20036
Tel: (202) 785-0100
Fax: (202) 408-5200

-2-

## CERTIFICATE OF SERVICE

I hereby certify that one copy of the foregoing Opposer's Motion for Reconsideration is being forwarded this 2nd day of December, 2002, to counsel for Applicant, by first class mail, postage prepaid.

Anthony J. Biller, Esquire
Coats & Bennett PLLC
1400 Crescent Green, Suite 300
Cary, North Carolina 27511

_____
Barth X. deRosa